1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington Corporation,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>MISS BRENDA, O.N. 634181, its Engines, Machinery, Appurtenances, etc., In Rem, and JACK BERNTSEN individually and MISS BRENDA, LLC an Alaska limited liability company, In Personam,<br>　　　　　Defendant. | IN ADMIRALTY<br><br>Case No. 3:25-cv-05145<br><br>ORDER DENYING ARREST MOTION |

　　Plaintiff Trident Seafoods Corporation ("Trident"), a Washington corporation, moves for an order authorizing issuance of a warrant for arrest of the *in rem* vessel Defendant F/V Miss Brenda, under Supplemental Admiralty Rule C(3). Dkt. 2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333.

　　"The court must review the complaint and any supporting papers" and determine "[i]f the conditions for an in rem action appear to exist." Supp. Adm. R. C(3)(a)(i). "This Court must also ensure that the requirements of the Supplemental Admiralty Rules and this district's Local Admiralty Rules are met." *Peoples Bank v. Lou*, No. 21-05720-LK, 2022 WL 503781, at *2 (W.D. Wash. Feb. 18, 2022).

IN ADMIRALTY - 1

The complaint contains two deficiencies under the Supplemental Admiralty Rules and this district's Local Admiralty Rules. First, the *in rem* vessel Miss Brenda is not sufficiently described. The complaint must "describe with reasonable particularity the property that is the subject of the action." Supp. Adm. R. C(2)(b). "Supplemental Rule C(2)(b) requires a meaningful level of detail in describing the property at issue." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1222 (S.D. Ala. 2005) (internal quotations omitted). The complaint must also "state that the property is within the district or will be within the district while the action is pending." Supp. Adm. R. C(2)(c). Plaintiff's complaint describes the following:

> *In rem* defendant MISS BRENDA, is a United States Coast Guard Documented Vessel (Official Number 634181), her engines, machinery, appurtenances, fishing rights, etc. is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Court.

Dkt. 1 ¶ 2.2. Although the complaint recites the requirements of Supplemental Rule C2(c), the allegation is conclusory, and it fails to describe the vessel with "reasonable particularity." Specifically, Plaintiff does not describe in the complaint or in its attached exhibits where the vessel Miss Brenda is located. *See generally* Dkt. 1; *see also, e.g., Geoserve Energy Transport DMCC v. M/V 07 Vegas*, No. 24-cv-2148-RSH-SBC, 2024 WL 4820786, at *2 (S.D. Cal. Nov. 18, 2024) ("Plaintiff has satisfied the requirements of Admiralty Rule C. Plaintiff's supplemental declaration states the Defendant Vessel is located in the Port of San Diego currently berthed at Tenth Avenue Pier in San Diego, California at Berth 10-4.")

Second, it is unclear whether Plaintiff's complaint has been properly verified. Under Supplemental Admiralty Rule C(2)(a), an action *in rem* must be accompanied by a "verified"

complaint. Under Local Admiralty Rule 105, "[p]leadings and claims to property shall be verified upon oath or solemn affirmation . . .by the parties, or . . . if a corporate party, by an officer, or by the attorney for said party." "If no party or authorized corporate officer is present within the district, verification of a pleading or claim may be made by an agent, attorney in fact, or attorney of record, who shall state the sources of the knowledge, information and belief contained in the pleading or claim and declare that the document verified is true to the best of that knowledge, information and belief; state why verification is not made by the party or an authorized corporate officer, and state that the affiant is authorized so to verify." LAR 105.

Here, Plaintiff attempts to verify their complaint through Sean Dwyer, "a Director of Sales Development and formerly Fleet Experience Manager for Trident Seafood Corporation." Dkt. 1 at 10. Plaintiff does not state that Mr. Dwyer is an "officer" of Trident, nor does his title make clear to the Court that he is. If Mr. Dwyer is not a corporate officer, Trident has also not met the requirements of Local Admiralty Rule 105 for the circumstance where no authorized corporate officer is present in the district. *See* LAR 105.

The Court has "review[ed] the complaint and any supporting papers," and determined the "conditions for an in rem action" have not been met at this time. Supp. Adm. R. C(3)(a)(i). Accordingly, the Motion for Order Authorizing Arrest of Vessel, Dkt. 2, is DENIED WITHOUT PREJUDICE. Plaintiff may resubmit an amended verified complaint correcting or clarifying the two deficiencies identified by the Court, along with a new motion for arrest of the vessel.

Dated this 21st day of February, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING ARREST MOTION - 3