UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MISS BRENDA, O.N. 634181, its Engines, Machinery, Appurtenances, etc., *In Rem,*<br><br>and<br><br>JACK BERNTSEN individually and MISS BRENDA, LLC an Alaska limited liability company, *In Personam,*<br>　　　　　　　　　　　Defendants. | IN ADMIRALTY<br><br>Case No. 3:25-cv-05145<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND FOR PERMISSION TO ALLOW BOARDING, INSPECTION** |

Plaintiff TRIDENT SEAFOODS CORPORATION ("Trident"), by and through its attorneys, Holmes Weddle & Barcott, P.C., having appeared, now makes the following recitals:

1. On February 26, 2025, an Amended Verified Complaint, Dkt. 10, was filed herein praying that the *in rem* Defendant vessel MISS BRENDA, O.N. 634181, its engines, machinery, and appurtenances, etc. (the "Vessel"), be arrested and sold to pay Plaintiff's claims and for other proper relief.

2. In the immediate future, the Clerk of this Court is expected to issue warrants for arrest of the Vessel, commanding the United States Marshal for this District

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND
FOR PERMISSION TO ALLOW BOARDING AND
INSPECTION - 1

to arrest and take into custody the Vessel and to detain the same in its custody until further order of this Court respecting same.

3. It is contemplated that the United States Marshal will seize the Vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers at charges in excess of those to be made by the substitute custodian alone, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the defendant Vessel.

4. The Vessel is currently moored in Washington waters in this District. Plaintiff is agreeable to allow Vessel Management Company LLC ("VMC") to assume the responsibility of safekeeping the Vessel, and VMC has consented to act as their custodian until further order of this Court.

5. VMC, by Certification submitted herewith and made a part hereof, avers that VMC can provide routine services required for the safekeeping and maintenance of the Vessel for a charge of $1,500 plus travel days at $750/day and actual costs for the initial arrest, securing and making inventory of the Vessel, communicating with the moorage facility, coordinating movement, inspection, survey, repairs, or maintenance of the Vessel. While under arrest, VMC will charge a daily fee of $85 and an annual charge of $1,000 to cover custodial insurance. Any additional unexpected time spent by VMC in connection with protecting, movement or safekeeping of the Vessel shall be charged at a rate of $225/hour per person and any expenses incurred in connection with the custody of the Vessel shall be charged at cost to Plaintiff. VMC is beneficiary on liability insurance through Great American Insurance Company (Policy No. OMH3484469-09) in the amount of $2,000,000, which names the U.S. Marshal as an additional insured. Further, in

the Certification of the substitute custodian, the proposed substitute custodian accepts, in accordance with the terms of this order, possession of the defendant Vessel, its engines, machinery, and appurtenances, etc., which are the subject of the action herein.

6. In consideration of the United States Marshal's consent to the appointment of VMC as substitute custodian, Plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of care and custody of the Vessel, from the time the United States Marshal transfers possession of the Vessel over to said substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

THEREFORE, IT IS ORDERED that the United States Marshal for the Western District of Washington is authorized, upon seizure of the Vessel, pursuant to Warrant for Arrest, to surrender the possession thereof to Vessel Management Company LLC as substitute custodian named herein, and that upon such surrender the United States Marshal shall be discharged from the duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising whatever out of said custodial services.

IT IS FURTHER ORDERED that VMC is appointed custodian of the Vessel and shall retain the Vessel in its custody for possession and safekeeping until further order of this Court.

IT IS FURTHER ORDERED that the substitute custodian may permit boarding and inspection and movement of the Vessel within the District in order to protect and preserve the Vessel, to determine the Vessel's condition and value, and to reduce costs and risk.  All costs of such boarding, movement, and inspections shall be paid by Plaintiff

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND
FOR PERMISSION TO ALLOW BOARDING AND
INSPECTION - 3

and may be deemed administrative costs herein. All persons entering on board the Vessel shall execute a waiver and release in the form attached hereto.

IT IS FURTHER ORDERED that Plaintiff's attorney or Marshal serve a copy of this Order on the owners of the Vessel at the time of arrest or as soon as practicable thereafter.

It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

DATED this 26th day of February, 2025.

_____
Tiffany M. Cartwright
United States District Judge

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND
FOR PERMISSION TO ALLOW BOARDING AND
INSPECTION - 4